**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**MONTGOMERY DIVISION**

| | | |
|---|---|---|
| **RUSSELL ALAN LASHLEY, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 2:25-cv-00430-KFP** |
| **CHS, AL, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Federal Rule of Civil Procedure 26(f), Russell Alan Lashley, Jr. ("Plaintiff") and CHS, AL, LLC ("Defendant"), by and through the undersigned counsel, hereby submit the following report of the parties' planning meeting:

1. The following persons participated in a Rule 26(f) Fed. R. Civ. P. conference via email on July 22, 2025:

   (a) Kristen Elyse Gochett, Maxwell & Tillman, 1820 3rd Avenue North, Suite 300, Birmingham, AL 35203, Attorney for Plaintiff, Russell Alan Lashley, Jr.

   (b) Philip G. Piggott, Rushton, Stakely, Johnston & Garrett, P.A., 1901 6th Avenue North-Suite 1000, Birmingham, AL 35203, Attorney for Defendant, CHS, AL, LLC.

The parties do not request a conference with the Court before the entry of the Scheduling Order.

1. Synopsis of the Case:

**(a) Plaintiff's Position**

Plaintiff commenced this action after being denied prompt and constitutionally adequate medical care after suffering from a "cauliflower ear" while in custody of the Alabama Department of Corrections ("ADOC"). As a result, Plaintiff sustained unnecessary and prolonged pain and suffering and permanent hearing loss. At all times relevant, Defendant was contracted to provide constitutionally adequate medical care to inmates, like Plaintiff. Plaintiff brought claims of deliberate indifference under 42 U.S.C. §1983 and state law negligence against Defendant.

**(b) Defendant's Position**

The defendants deny all allegations made by Russell Alan Lashley, Jr. in this matter.

2. Initial Disclosures: The parties will exchange the initial disclosures required by Rule 26(a)(1) by **September 2, 2025.**

3. Discovery Plan: The parties propose this discovery plan:

   (a) Discovery will be needed on the facts that relate to Plaintiff's causes of action and claims for relief and on Defendant's affirmative defenses, if any. There is no need to conduct discovery in phases or to limit discovery to particular issues except as specifically proposed herein.

   (b) All factual discovery will be commenced on the date this report is filed and must be completed by **November 30, 2026.**

   (c) Interrogatories: The parties agree that interrogatories should proceed pursuant to Federal Rule of Civil Procedure 33. Each party shall be allowed to propound thirty (30) interrogatories on each other party, without leave of

court. The responding party shall have thirty (30) days to serve its answers and any objections.

(d) Requests for Admission: The parties agree that request for admission should proceed pursuant to Federal Rule of Civil Procedure 36. Each party shall be allowed to propound twenty-five (25) requests for admission on each other party, without leave of court. The responding party shall have thirty (30) days to serve its answers and any objections.

(e) The parties agree that requests for production should proceed pursuant to Federal Rule of Civil Procedure 34. Each party shall be allowed to propound twenty-five (25) requests for production on each party, without leave of court. The responding party shall have thirty (30) days to serve its answers and any objections.

(f) Each party shall be allowed 10 depositions without leave of court. There shall be a time limit of seven (7) hours per deposition, excluding breaks, subject to an extension by mutual agreement of the parties.

(g) Expert Witnesses: Plaintiff must serve expert disclosures and corresponding reports, pursuant to 26(a)(2) by **August 30, 2026.** Defendants must serve expert disclosures and corresponding reports, pursuant to 26(a)(2) by **September 30, 2026.**

(h) Supplementation under Rule 26(e) shall be due in a timely manner and within thirty (30) days of knowledge of the need to supplement or as ordered by the court.

(i) Discovery Plan on Production of Electronically Stored Information ("ESI"):

The parties agree that with respect to any electronically stored information that is identified or requested during the course of discovery, such documents, to the extent reasonably accessible and otherwise not objectionable, will be produced in searchable PDF format.

If a party requests, then ESI must be produced in its original native format including its accompanied metadata. For example: (a) documents created using Microsoft Word must be produced as DOC files; and (b) emails must be produced in a form that readily supports import into standard email client programs.

The parties agree that an inadvertent disclosure of privileged communications, documents, things, and ESI covered by the attorney-client privilege and/or work product protection does not operate as a waiver in this proceeding if the holder of the privilege took reasonable precautions to prevent disclosure and took reasonably prompt measures, once the holder knew or should have known of the disclosure, to rectify the error.

If the information produced in discovery is subject to a claim of privilege as referenced above, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must make prompt and reasonable efforts to return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take prompt and reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the Court under seal for determination of the claim. The producing party must preserve the information until the claim is resolved.

The parties agree that communications (a) among a party's counsel, between counsel and clients, and between counsel and expert witnesses; and (b) since the lawsuit was filed or counsel was retained in this matter, whichever occurred first, are privileged and need not be listed on a privilege log.

The parties agree to service of discovery requests and responses by electronic means to the same addresses as noticed by the Court's CM/ECF system.

4. Other items:

(a) The parties request a pretrial conference at least thirty (30) days before trial.

(b) Plaintiff should be allowed until **September 22, 2025,** to amend the pleadings or to join additional parties.

(c) Defendant should be allowed until **October 6, 2025,** to amend the pleadings or to join additional parties.

(d) Dispositive Motions: All potentially dispositive motions should be filed by **January 30, 2027.**

(e) Daubert Motions: All Daubert motions should be Daubert motions: **January 30, 2027.**

(f) This jury action should be ready for trial by **April 2027**, and at this time is expected to take approximately 5 days excluding jury selection.

(g) Plaintiff is willing to engage in settlement discussions at this time. Plaintiff recognizes that further discovery may be helpful to the parties before meaningful settlement discussions can occur. Defendants are of the opinion that discovery is necessary prior to any settlement discussions.

(h) The parties request a Pretrial Conference in **February 2027.**

(i) Final dates for submitting Rule 26(a)(3) witness lists, designation of witnesses whose testimony will be presented by deposition and exhibit lists should be due thirty (30) days before trial.

(j) The parties shall have fourteen (14) days after service of final lists of witnesses and exhibits to file objections and motion in limines under Rule 26(a)(3).

5. Other Matters:

(a) The parties understand that and have engaged in good faith to abide by their duties to preserve information that is potentially relevant to this lawsuit.

(b) This case will require disclosure of protected health information. The parties agree and request this Court to enter the HIPAA protective order that will be filed as an exhibit to this report and emailed to the Court chambers. The parties further agree to enter into discussions within 14 days to discuss the terms of a general Protective Order and the parties will submit to the Court if the parties can come to an agreement on the terms.

/s/ Kristen E. Gochett
Leroy Maxwell, Jr.
Kristen Elyse Gochett
MAXWELL TILLMAN
1820 3rd Avenue North, Suite 300
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
Email: kgochett@mxlawfirm.com
Email: maxwell@mxlawfirm.com
*Counsel for Plaintiff*

/s/ Philip G. Piggott
Philip G. Piggott
RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
1901 6th Avenue North, Suite 1000
Birmingham, AL 35203
Telephone: 205-443-2760
Facsimile: 334-262-6277
E-mail: ppiggott@rushtonstakely.com
*Counsel for Defendant, CHS AL, LLC d/b/a YesCare Corp.*